**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN PEGLEY,                      )
                                     )
                Plaintiff,      )
                                     )     Civil Action No. 17-732
              v.                  )
                                   )     Hon. Nora Barry Fischer
JARED ROLES et al.,           )
                                   )
              Defendants.    )

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

Presently before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint, which has been fully briefed. (Docket Nos. 60, 66, 70, 79). After careful consideration of the parties' submissions, and for the following reasons, Plaintiff's Motion for Leave to File a First Amended Complaint, (Docket No. 60), is GRANTED, in part, and DENIED, in part. Said motion is denied to extent that Plaintiff seeks to assert claims for the loss of parental consortium and is granted in all other respects.

### II.    Factual and Procedural Background

This matter arises from a vehicular accident. On March 4, 2017, Plaintiff was operating a 2017 Chevy Sonic automobile, which was fully stopped and stationary, with its four-way flashers blinking, in the right-hand southbound lane on interstate 79 in Franklin Township, Greene County, Pennsylvania. (Docket No. 1 at ¶¶ 11, 12, 17). While operating a tractor-trailer, Defendant Jared Roles "smashed" into the rear of Plaintiff's vehicle, causing severe, permanent, catastrophic, and life threatening personal injuries to Plaintiff. (*Id.* at ¶¶ 18-19). Roles was operating the tractor-trailer as an employee of Defendant Quantum Environmental Services ("ET360"), and the tractor-trailer, which was owned by Defendant Allied Truck Leasing, LLC, was leased directly to ET360.

(*Id.* at ¶¶ 3, 5, 13). In Counts II and III of his Complaint, Plaintiff asserts claims against ET360 for vicarious liability and for its negligence. (*Id.* at ¶¶ 29-46).

Plaintiff filed his Complaint on June 5, 2017. (Docket No. 1). Defendants filed their respective answers on August 7, 2017. (Docket Nos. 15, 16, 17). On August 9, 2017, the Court granted the parties' joint motion to dismiss and dismissed claims against Defendants Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car and EAN Holdings, LLC, with prejudice. (Docket No. 22). The Court also granted the parties' joint stipulation to amend all references to Richard Pegley, Plaintiff's former guardian ad litem. (Docket No. 26). Specifically, all references to "Plaintiff, John Pegley, as Incapacitated Persons, by and through Richard Pegley, Jr., as Guardian ad Litem" were amended to "John Pegley," and the caption was amended accordingly. (*Id.*). On August 16, 2017, the parties filed their Rule 26(f) report with a proposed deadline of December 8, 2017, for the addition of parties or amendment of pleadings. (Docket No. 28). Following a case management conference, the Court issued a Case Management Order on September 7, 2017, adopting the deadlines set forth in the Rule 26(f) report. (Docket No. 38). Discovery ensued and is set to close on April 27, 2018. (*Id.*).[1] Plaintiff submitted the instant motion to file a First Amended Complaint on March 8, 2018. (Docket No. 60). This matter has been fully briefed and is now ripe for disposition. (Docket Nos. 60, 66, 70, 79).

### III.    Legal Standard

A party seeking leave to amend the pleadings after the deadline set by the Court's Case Management Order must satisfy the requirements of Rule 16(b)(4) of the Federal Rules of Civil

---

[1] This Court has previously noted that "the parties have failed to expedite discovery in this matter." (Docket No. 56 at 2). Further, given the parties' failure to meet the deadlines set forth in the Court's Order granting Defendants' motion to modify the deadlines to conduct alternative dispute resolution, the Court admonished the parties to work together to achieve the just, speedy, and economical resolution of this case. (Docket No. 50).

Procedure. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). A Case Management Order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause requires a demonstration of due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. "Many courts have recognized that '[w]here . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. Sep.15, 2015) (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010)).

Only after the moving party demonstrates good cause under Rule 16(b)(4) may the Court consider a Motion to Amend under Rule 15's standard. *See Race Tires Am., Inc.*, 614 F.3d at 84. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). Indeed, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 200 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "It is well settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.'" *Graham*, 271 F.R.D. at 123 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*,

252 F.3d 267, 273 (3d Cir. 2001)).  "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'"  *Id.* (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007)).  The test under Rule 15(a) "is in the disjunctive, meaning that if [Defendants] meet[ ] [their] burden to prove any one of these elements, the [amendment] should not be permitted."  *Id.*

With respect to punitive damages, the same "are awarded for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others."[2] *Judge Tech. Servs., Inc. v. Clancy*, 813 A.2d 879, 889 (Pa. 2002) (quotations omitted).  Thus, Pennsylvania law allows for punitive damages to be awarded where an actor's conduct was "malicious, wanton, willful, oppressive or exhibited a reckless indifference to the rights of others." *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. Ct. 1997); *see also Feld v. Merriam*, 485 A.2d 742 (Pa. 1984) (adopting the Restatement (Second) of Torts as to punitive damages, which allows for punitive damages to be awarded for outrageous conduct or the reckless indifference to the rights of others).

## IV.    Discussion

Plaintiff requests leave to amend to:  (1) remove any allegations made by his former guardian ad litem and the former plaintiff in this matter, Richard Pegley, and allegations against former Defendants Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car and EAN Holdings, LLC; (2) assert new loss of consortium claims for his two children, a minor and an adult child; (3) supplement allegations based on new information obtained during discovery; and (4) add a request to the ad damnum clause for punitive damages.  (Docket No. 60 at 2-3).  Defendants do not raise

---

[2] The parties agree that Pennsylvania law applies to Plaintiff's request to add a claim for punitive damages.  (*See* Docket Nos. 60, 66, 70, 79).  As discussed below, the parties only dispute whether Pennsylvania law applies to Plaintiff's loss of parental consortium claims.

substantial objections to Plaintiff's first request.[3]  Accordingly, the Court will address, in turn, Plaintiff's remaining requests.

A.      Plaintiff's Request to Supplement Allegations and Assert a Claim for Punitive Damages in the Ad Damnum Clause

In support of his request to supplement his allegations based on new information obtained during discovery and to assert a claim for punitive damages in the ad damnum clause, Plaintiff argues that he has uncovered new facts and information through recent depositions and newly produced documents.  (*Id.* at 6-7).  Specifically, Plaintiff states that he has learned that Roles tested positive for methamphetamines the day after the accident, that Roles had seen Plaintiff's flashing lights but did not break, and that Roles had been significantly overworked by ET360 prior to the accident.  (*Id.* at 6; *see also* Docket Nos. 60-3, 60-4, 60-5).  Plaintiff also asserts that he has not acted with undue delay, bad faith, or dilatory motive and that Defendants will suffer no prejudice if he is permitted to amend.  (Docket No. 60 at 6-7; Docket No. 70 at 2-6).  In opposition to Plaintiff's motion, Defendants contend that Plaintiff has acted with undue delay and that they would be prejudiced by the proposed amendment.  (Docket No. 66 at 4-8, 10-11; Docket No. 79 at 3-4, 11-13).

Having considered the facts and circumstances, as well as the parties' arguments, the Court finds that Plaintiff has articulated good cause under Rule 16(b)(4) as to his request to supplement his allegations and to add a request for punitive damages in the ad damnum clause.  To this end, the deposition of Roles occurred on January 25, 2018, well after the December 8, 2017, deadline

---

[3] Defendants argue only that Plaintiff "had full knowledge of the facts needed to support [the] proposed revisions at the time the Court approved the substitution, at the time he signed the Complaint Verification, and at the time the Enterprise Defendants were dismissed[,] all of which occurred in August of 2017."  (Docket No. 79 at 3; *see also* Docket No. 66 at 5).  Plaintiff notes that his proposed amendment will "simply narrow the scope of the complaint to only those allegations that are essential to the claims being litigated."  (Docket No. 70 at 2).  The Court agrees.  *See, e.g.*, *Patel v. Meridian Health Sys.*, No. 12-CV-3102, 2015 WL 5703268, at *2, 7 (D.N.J. Sept. 28, 2015) (granting leave to amend to permit the plaintiffs to remove their previously dismissed claims).

for the amendment of pleadings had passed. (Docket No. 60-4). Hence, Plaintiff discovered new information during the discovery period and sought leave to amend "as soon as practicable."[4] *Trask v. Olin Corp.*, No. 12-CV-340, 2016 WL 1255302, at *7 (W.D. Pa. Mar. 31, 2016) (holding that the plaintiffs "exhibited due diligence as required by Rule 16(b)(4) in seeking leave to amend as soon as practicable, once fact discovery concluded"); *see also Wainwright v. City of Sharon*, No. 14-CV-1212, 2016 WL 110015, at *4 (W.D. Pa. Jan. 11, 2016) (granting motion to amend when plaintiffs, after the deadline to amend the pleadings in their case had expired, were seeking "merely to utilize facts adduced during discovery to clarify and refine their claims").

Further, as to punitive damages, this Court has previously explained that "defendants often challenge punitive damages in summary judgment proceedings arguing that there are insufficient facts to support such claims." *Trask*, 2016 WL 1255302, at *7 (citing *Vitalis v. Sun Constructors, Inc.*, 481 F. App'x 718, 728-29 (3d Cir. 2012)); *Manfred v. Nat'l R.R. Passenger Corp.*, 106 F. Supp. 3d. 678, 689 (W.D. Pa. 2015). Here, Plaintiff seeks leave, in part, due to the fact that discovery yielded new information that was not available at the time of filing the complaint. *See id.*; *Scott v. Burke*, No. 13-CV-278, 2013 WL 4648402, at *3-4 (W.D. Pa. Aug. 29, 2013) (granting the plaintiff's motion to amend to assert a claim for punitive damages based upon evidence that was revealed during discovery); *Guerra v. New Prime, Inc.*, No. 11-CV-20, 2012 WL 2979064, at *7 (W.D. Pa. July 20, 2012) (same). Moreover, the Court may grant parties leave to amend their pleadings to conform to the evidence. FED. R. CIV. P. 15(b)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."); *see also EEOC v. Hussey Copper Ltd.*, No. 08-CV-809, 2009 WL 918298, at *3 (W.D. Pa. Apr. 2, 2009) ("[G]iven the state of the record at this stage of the proceeding, Plaintiff

---

[4] As noted above, the Court has previously found that the parties have failed to expedite discovery in this matter.

is entitled to amend its pleading to conform to the evidence.")

Having determined that Plaintiff has demonstrated good cause to supplement his allegations based on new information obtained during discovery and to assert a claim for punitive damages, the Court next must consider Plaintiff's motion pursuant to Rule 15's liberal standards. As noted above, undue delay, bad faith, dilatory motive, prejudice, and futility could justify the Court in denying leave to amend. *Arthur*, 434 F.3d at 200. With respect to prejudice, a court may consider whether a proposed amendment would result in additional discovery, cost, and preparation to defend against new facts or theories. *Graham*, 271 F.R.D. at 123. Further, "[u]nder Rule 15(a), 'prejudice' means 'undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Pohl v. U.S. E.P.A.*, No. 09-CV-1480, 2010 WL 2607476, at \*6 (W.D. Pa. June 25, 2010) (quoting *Johnson v. GEICO Cas. Co.*, 673 F.Supp.2d 244, 251 (D. Del. 2009)).

Plaintiff's proposed amendment will not prejudice Defendants. To this end, although fact discovery will not end until April 27, 2018, (Docket No. 38), Plaintiff's allegations are based upon evidence now known to both parties. Moreover, summary judgment motions and trial have not yet been scheduled. *See Trask*, 2016 WL 1255302, at \*10 (finding no prejudice would result where the plaintiffs sought to amend the complaint after fact discovery was complete but before summary judgment motions and trial had been scheduled). As discussed above, Plaintiff did not delay in filing the motion. Accordingly, the Court cannot conclude that he acted with bad faith or dilatory motive in seeking to add a claim for punitive damages.

"Futility" challenges an amendment's legal sufficiency. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (futility determined by considering whether the amendment would survive a renewed motion to dismiss). Thus, an amendment would be futile if the proposed Complaint fails to state a claim upon which relief could be granted. *Suley v. Borough*, No. 10-CV-1559, 2011 WL 860426, at *2 (W.D. Pa. Mar. 9, 2011). Here, Plaintiff's request to supplement his allegations and to assert a claim for punitive damages is not futile because Pennsylvania law allows for punitive damages and Pennsylvania law would apply to his claim. *See Rowland v. Novartis Pharms. Corp.*, 983 F. Supp. 2d 615, 631 (W.D. Pa. 2013) (allowing the plaintiff to amend the complaint to add a claim for punitive damages because Pennsylvania law allows for same). Accordingly, the Court will grant Plaintiff's request to supplement his allegations based on new information obtained during discovery and to assert a claim for punitive damages in the ad damnum clause.

B.      Plaintiff's Request to Assert a Claim for Loss of Parental Consortium

Plaintiff is not relying upon the discovery of new information as to his request to assert his children's claims for loss of parental consortium and, therefore, the Court cannot conclude that he has established good cause under Rule 16(b)(4). As Defendants argue, "[Plaintiff] had access to his children and no new information could have been learned to justify a delay in asserting the new consortium claims." (Docket No. 66 at 5). In response, Plaintiff asserts only that Defendants should have expected his children's claims because Defendants identified them as potential witnesses in their initial disclosures served on August 5, 2017. (Docket No. 70 at 5; *see also* Docket No. 70-2 at 3 (Defendants' initial disclosures)). Such an argument is unpersuasive and does not establish good cause. *See, e.g.*, *Graham*, 271 F.R.D. at 119 ("'Where . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset

of the litigation, the party is presumptively not diligent.'") (quoting *Price*, 737 F. Supp. 2d at 280).

Not only has Plaintiff not established good cause to add his children as new parties and to seek loss of consortium claims, the Court also agrees with Defendants' argument that Plaintiff's proposed amendment is futile because Pennsylvania does not recognize a right to the loss of parental consortium. (Docket No. 66 at 9-10; Docket No. 79 at 5-11). Plaintiff does not dispute Defendants' contention but asserts that because there is a false conflict between the laws of Ohio and Pennsylvania, Ohio law applies to the particular issue of loss of parental consortium. (Docket No. 70 at 3-4). In response, Defendants contend that a true conflict exists, requiring Pennsylvania law to be applied. (Docket No. 79 at 5-11).

In determining which jurisdiction's laws to apply to Plaintiff's proposed loss of parental consortium claim, this Court applies Pennsylvania's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Pennsylvania's conflicts law has combined a "governmental interest analysis" with the Restatement (Second) of Conflicts theory, thereby adopting a "hybrid" approach. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007). This approach requires the Court to first determine whether there is a relevant difference between the law of the jurisdictions whose laws potentially apply, i.e., whether there is a conflict. *Id.* If their respective laws are the same, there is no conflict at all and the choice of law analysis ends; the law of the forum, here Pennsylvania law, would apply. *Id.* If the laws differ, the Court must examine the policies underlying the law of each jurisdiction and determine whether the conflict is "true," "false," or "unprovided for." *Id.*

"A true conflict exists 'when the governmental interests of [multiple] jurisdictions would be impaired if their law were not applied.'" *Budget Rent-A-Car Sys. v. Chappell*, 407 F.3d 166, 170 (3d Cir. 2005) (quoting *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187 n.15 (3d Cir. 1991)).

If a true conflict exists, the Court must then determine which state has the "greater interest in the application of its law." *Cipolla v. Shaposka*, 267 A.2d 854, 856 (Pa. 1970). To this end, the Court must weigh each state's contacts on a qualitative scale according to their relation to the policies and interests underlying the particular issue. *Hammersmith*, 480 F.3d at 231. A false conflict exists only if one jurisdiction's governmental interests would be impaired by the application of another jurisdiction's law. *Chappell*, 407 F.3d at 170. When there is a false conflict, the court must apply the law of the only interested jurisdiction. *Id.* If no jurisdiction's interests would be impaired if its laws were not applied, there is an "unprovided for" conflict and *lex loci delicti* (the law of the place of the wrong) continues to govern. *Id.*

Here, the parties agree that Ohio recognizes a right to the loss of parental consortium, while Pennsylvania does not. (*See* Docket No. 70 at 3). *See also Bishop v. Oakstone Acad.*, 477 F. Supp. 2d 876, 890 (S.D. Ohio 2007) (explaining that "[u]nder Ohio law, a minor child has a cause of action for loss of parental consortium against a third-party tortfeasor who negligently or intentionally causes physical injury to the child's parent") (internal quotations omitted); *Steiner v. Bell Tel. Co.*, 517 A.2d 1348, 1357 (Pa. Super. Ct. 1986) (declining to recognize a right to the loss of parental consortium). West Virginia, where Defendants are based, only recognizes a claim for loss of parental consortium for a minor child or handicapped child who is dependent upon a parent. *Belcher v. Goins*, 400 S.E.2d 830, 833 (W. Va. 1990).[5] Thus, there is a conflict between the laws of each jurisdiction.

Having found that there is an "actual conflict" between the potentially applicable laws of Pennsylvania, Ohio, and West Virginia, the Court must next classify the conflict in laws as either "true," "false" or "unprovided for." Again, a false conflict exists if only one jurisdiction's

---

[5] Plaintiff does not address claims for loss of parental consortium under West Virginia law. (*See* Docket No. 70).

governmental interests would be impaired by the application of another jurisdiction's law and the result of a false conflict is to apply the law of the only interested jurisdiction. *Chappell*, 407 F.3d at 170. Plaintiff advocates that this case presents a false conflict because "Pennsylvania's interests would not be impaired by applying Ohio's law for loss of consortium to children and residents of Ohio against West Virginia Defendants." (Docket No. 70 at 4).

The Court disagrees with Plaintiff's assessment of this case as presenting a false conflict. Rather, in this Court's estimation, this case presents the quintessential "true conflict" situation described in *Cipolla v. Shaposka*, 267 A.2d 854, 855 (Pa. 1970), because Plaintiff is seeking to invoke the "plaintiff-protecting rules" of Ohio, while Defendants are pursuing the "defendant-protecting rules" of Pennsylvania. As is explained in further detail below, the laws of each of these jurisdictions would be impaired if they are not applied in this case, taking the case out of the "false conflict" category and requiring a determination as to which jurisdiction has a greater interest in the application of its laws. *See id.*

In analyzing which state has the strongest interest in its law being applied, the relevant contacts for actions in tort include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Taylor v. Mooney Aircraft Corp.*, 265 F. App'x 87, 91 (3d Cir. 2008) (setting forth RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2)(a)-(d)). Under the § 145 factors general to torts, Pennsylvania has the strongest interest. Section 156 of the Restatement applies on this point, stating that "[t]he applicable law [under § 145] will usually be the local law of the state where the injury occurred." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 156; *see also Panthera Rail Car LLC v. Kasgro Rail Corp.*, 985 F. Supp. 2d 677, 700,

(W.D. Pa. 2013) (finding that California had a stronger interest in applying its law than Pennsylvania because the injury occurred in California); *Conley v. Ethex Corp.*, No. 10-CV-1455, 2012 WL 32445, at \*10 (W.D. Pa. Jan. 3, 2012) (in a case including a claim for loss of consortium, holding that Virginia law applied because "[t]he fact that the alleged torts, both the wrongful death cause of action and the underlying products liability, negligence and negligent misrepresentation all occurred in Virginia weighs particularly in favor of applying Virginia law"); *Brown v. Kia Motors Corp.*, No. 06-CV-804, 2009 WL 866846, at \*12-13 (W.D. Pa. Mar. 30, 2009) (holding that Virginia law applied when the automobile accident occurred in Virginia); *Werner Enters. v. Trs. of the Univ. of Pittsburgh*, No. 06-CV-460, 2006 WL 2583458, at \*4 (W.D. Pa. Sept. 6, 2006) ("[I]f the underlying claim is a medical malpractice claim which arose in Pennsylvania, then the Restatement points to Pennsylvania law.  If the underlying claim is the personal injury claim that arose in an accident in Ohio and was litigated in Ohio, then the Restatement points to Ohio law."); *Shuder v. McDonald's Corp.*, 859 F.2d 266, 272 (3d Cir. 1988) (determining that Virginia law applied when Pennsylvania resident traveled to Virginia and fell in McDonald's parking lot there).

Moreover, Plaintiff's argument as to why Ohio law applies rings hollow in the context of tort.  Indeed, Plaintiff concedes that "Pennsylvania has a real and important interest related to Defendants' negligently and recklessly causing a tragic crash on an interstate within the Commonwealth" and argues that Ohio law should apply only because "Pennsylvania's interests would not be impaired."  (Docket No. 70 at 4).  Here, Ohio's only connection to this case is that Plaintiff and his children reside there, while West Virginia's only connection to this case is that Defendants ET360 and Allied Truck Leasing, LLC have their principal places of business there.  (Docket No. 60-2 at ¶¶ 1-6).  Therefore, Plaintiff's arguments are unavailing.  Because Pennsylvania has the strongest interest in applying its law to the tort claims in this case,

Pennsylvania law will be applied. Accordingly, because it is undisputed that Pennsylvania does not recognize a right to the loss of parental consortium, the Court will deny Plaintiff's request to add such claims.

### C.    Defendant's Request for Discovery Extension

As noted, discovery is set to close on April 27, 2018. (Docket No. 38). Defendants have requested an extension in the event that Plaintiff is granted leave to file a First Amended Complaint. (Docket No. 66 at 11; Docket No. 79 at 12-13). Because the Court will grant, in part, Plaintiff's motion, and for good cause shown, the Court will extend the discovery deadline by sixty days.

## V.    Conclusion

For the foregoing reasons, the Court GRANTS, in part, and DENIES, in part, Plaintiff's Motion for Leave to File a First Amended Complaint. An appropriate Order follows.

_s/Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Dated:  April 18, 2018

cc/ecf:  All counsel of record